## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Shana Nelson                          :         **ARBITRATION**
12009 Academy Road                    :
Philadelphia, PA 19154                :         **CIVIL ACTION NO.**
                                      :
        **Plaintiff**                 :
                                      :
    v                                 :
                                      :
HIAS Pennsylvania                     :
123 S. Broad Street                   :
Philadelphia, PA 19109                :
                                      :
        **Defendants**                :

---

### EMPLOYMENT CASE
### (FAMILY MEDICAL LEAVE ACT)

I.  PARTIES

1. Shana Nelson is an individual who lives with her family at 12009 Academy Road, Philadelphia, PA 19154.

2. HIAS Pennsylvania is a social welfare organization licensed in the Commonwealth of Pennsylvania, with an office located at 123 S. Broad Street, Philadelphia, PA 19109.

II.  JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked through 29 U.S.C. §2601 to 2654.

4. All of the violations of the statute occurred in the Eastern District of Pennsylvania and therefore this Court is the proper venue for this action.

III.  INTERFERENCE WITH RIGHTS GUARANTEED BY THE FAMILY MEDICAL LEAVE ACT AND RETALIATION

5. Paragraphs 1 through 4 are incorporated herein by reference.

1

6. In pertinent part the FMLA stands for the proposition that covered employers must grant at least 12 weeks of unpaid leave for eligible employees to care for a child.

7. The Plaintiff's minor daughter suffers from sickle cell anemia.

8. Sickle cell disease is a genetically transmitted chronic disease that is usually diagnosed at birth. Its main symptom is pain that can be severe and disabling and it is a lifelong condition. Sickle cell disease is a lifelong condition.

9. On or about October 30, 2025 Plaintiff requested FMLA leave because of her daughter's sickle cell disease and asked for permission to work remotely two days a week, while continuing to work in the office three days a week.

10. On or about November 3, 2025 the Human Relations Department of HIAS Pennsylvania (Defendant) denied Plaintiff's request, allegedly because Plaintiff's request was not sufficiently supported by medical documentation.

11. On or about November 13, 2025 Plaintiff submitted medical documentation with the recommendation that Plaintiff transition to two days of remote work and three days working in the office in order to assist in the care required by her daughter's condition.

12. On or about November 14, 2025 Plaintiff filed a formal Complaint with the Defendant protesting the conduct of Ron Jenkins, her supervisor, because Jenkins' remarks, both before and after Plaintiff's request for FMLA, created a hostile work environment, was demeaning and abusive conduct and was engaging in a false narrative of her conduct.

IV.    RETALIATION

13. On or about December 5, 2025 Defendant attempted to change her Plaintiff's work schedule while her request for FMLA leave was pending.  This was interference.

14. On or about December 10, 2025 Plaintiff's request for FMLA was granted after several delays.

15. In January 2026 Defendant launched an investigation of Plaintiff's performance.

2

16. On or about January 22, 2026 Plaintiff received a Performance Improvement Plan, which was back dated to January 9, 2026. The plan was detrimental to Plaintiff and totally lacked any prior warnings or any evidence of Plaintiff having performance issues.  Lastly, there was no evidence of prior, progressive discipline.

17. After receiving the Performance Improvement Plan, Ron Jenkins continued to make hostile and demeaning remarks about Plaintiff and continued his unjustified criticism of Plaintiff's work performance, all without any foundation in fact.

18. On or about January 29, 2026 Plaintiff filed a formal rebuttal to the Defendant's Human Relations Department.

19. The Defendant retaliated because of Plaintiff's FMLA request and formal rebuttal to the Performance Improvement Plan.

20. On or about April 27, 2026 Plaintiff was terminated by Defendant for "unsatisfactory performance".

21. The termination letter provided no evidence or examples of Plaintiff's "unsatisfactory performance".

V.    TERMINATION FOR INVOKING RIGHTS PURSUANT TO THE FAMILY MEDICAL LEAVE ACT.

22. Paragraphs 1 through 21 are incorporated by reference.

23. Defendant's discharge of Plaintiff on or about April 27, 2026 constituted retaliation against Plaintiff because Plaintiff took and/or requested FMLA leave.

VI.    DAMAGES

Wherefore, Plaintiff respectfully request that this Honorable Court find that the Defendant is liable for

a) Any wages, salary, employment benefits or other compensation denied or lost to Plaintiff by reason of the violation of the law, including back pay and/or front pay

b) Prejudgment interest, liquidated damages in an equal amount and attorney

fees.

07/10/2026
Date

s/ Howard K. Trubman, Esq.
Howard K. Trubman, Esq.
PA State Bar No. 24696
Attorney for Plaintiff
1650 Market Street, Suite 3637
Philadelphia, PA 19103
215-206-5306

4

## CERTIFICATE OF SERVICE

I, Howard K. Trubman, Esq., certify the foregoing document will be served by personal service on:

HIAS Pennsylvania
123 S. Broad Street
Philadelphia, PA 19109

07/10/2026
Date

s/ Howard K. Trubman, Esq.
Howard K. Trubman, Esq.

5

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Shana Nelson

**DEFENDANTS**

HIAS Pennsylvania

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Howard K. Trubman, Esq. Personal Injury & Employ. Law Ctr., 1650 Market St, Ste.3637 Phila. PA 2152065306

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court |
| ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | | |

---

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2601-2654

Brief description of cause:
Family Medical Leave Act

---

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
100,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

---

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
7/12/26

SIGNATURE OF ATTORNEY OF RECORD
*Howard K. Trubman*

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

0/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____**Philadelphia, PA**_____

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.